**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-1788

_____

VANDECARLOS FERREIRA DO NASCIMENTO;
SANDRA MOREIRA DA SILVA; K. M. D.N.; Y. M. D.N.,
Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA

_____

On Petition for Review of a Final Order of the
Board of Immigration Appeals
Agency Nos. A220-216-285; A220-216-286; A220-216-287; A220-216-288
Immigration Judge: Steve Mannion

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 14, 2025

_____

Before: SHWARTZ, KRAUSE and CHUNG, Circuit Judges

(Filed: April 7, 2025)

_____

OPINION[*]

_____

CHUNG, Circuit Judge.

_____

[*]    This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

Petitioners Vandecarlos Ferreira Do Nascimento ("Ferreira") and his family[1] petition for review of a final order of removal issued by the Board of Immigration Appeals ("BIA"), affirming the Immigration Judge's ("IJ") order denying Ferreira's application for asylum, withholding of removal, or protection under the Convention Against Torture ("CAT"). For the reasons presented below, we will deny the petition.

I. BACKGROUND[2]

Petitioner Ferreira is a native and citizen of Brazil. Ferreira's claim stems from an altercation that occurred around October 2020. Ferreira testified, and the IJ found credible, the following: Ferreira and his family were at a local luncheonette, and Ferreira expressed his support of the mayor of the city; a group of men overheard the conversation, and one of them, who disagreed with Ferreira's political opinion, punched him in the face, and the men threatened Ferreira; Ferreira did not report the incident to the police, though he believes they likely would have investigated, because his assailant threatened to harm him further if the incident were reported; after the incident, Ferreira observed his assailant walk past his house and point in the direction of his house on multiple occasions; he and his assailant did not have any verbal or physical contact before or after the incident. Ferreira also testified, but the IJ did not find credible, that his

---

[1] The petitioners are Ferreira, Sandra Moreira Da Silva, and their minor children. Each petitioner filed an application for relief and protection from removal, with Moreira's and the children's claims being based on Ferreira's. We will refer to the petitioners collectively as "Ferreira" throughout, though our decision applies equally to all petitioners.

[2] Because we write for the parties, we recite only facts pertinent to our decision.

assailant was dangerous and powerful, though the IJ apparently accepted Ferreira's testimony that his assailant sold drugs.

Ferreira and his family left Brazil on June 18, 2021, and entered the United States on or about June 23, 2021, without admission or parole. The Department of Homeland Security initiated removal proceedings against Ferreira and his family on October 14, 2021. On November 7, 2022, the IJ denied Ferreira's applications for asylum, withholding of removal, or CAT protection. The BIA affirmed the IJ on March 28, 2024.

II.    DISCUSSION[3]

Ferreira argues that the BIA erred in determining that Ferreira was ineligible for asylum, withholding of removal, and relief under the CAT.

"An asylum applicant must demonstrate either past persecution or a well-founded fear of future persecution. In order to establish eligibility on the basis of past persecution, an applicant must show: (1) an incident, or incidents, that rise to the level of persecution; (2) that is on account of a statutorily protected ground; and (3) is committed

---

[3]    The IJ had jurisdiction pursuant to 8 C.F.R. § 1208.2, the BIA had jurisdiction pursuant to 8 C.F.R. § 1003.1(b)(3), and we have jurisdiction to review a final order of the BIA pursuant to 8 U.S.C. § 1252(a). See Hernandez Garmendia v. Att'y Gen., 28 F.4th 476, 481–82 (3d Cir. 2022). "[W]here the [BIA] both adopts the findings of the Immigration Judge and discusses some of the bases for the Immigration Judge's decision, we have authority to review the decisions of both the Immigration Judge and the [BIA]." Saravia v. Att'y Gen. United States, 905 F.3d 729, 734 (3d Cir. 2018) (internal quotations and brackets removed). "We review the agency's factual findings under the highly deferential substantial-evidence standard: The agency's findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." Sunuwar v. Att'y Gen. United States, 989 F.3d 239, 247 (3d Cir. 2021) (internal citations and quotations omitted). "We review questions of law de novo." Saravia, 905 F.3d at 734 (emphasis omitted).

by the government or forces the government is either unable or unwilling to control. An applicant has a well-founded fear of future persecution if he shows that he has a subjectively genuine fear, and that a reasonable person in his circumstances would fear persecution if returned to his native country." Voci, 409 F.3d at 613 (internal quotations and citations omitted). "To be eligible for withholding of removal, [an] applicant must establish that his or her life or freedom would be threatened in the proposed country of removal on account of race, religion, nationality, membership in a particular social group, or political opinion." Saravia, 905 F.3d at 735 (internal quotations omitted). "The standard for a claim of withholding of removal … is higher than the standard for asylum. ... [The petitioner] must show that such persecution is more likely than not to occur. Thus, an applicant who cannot meet the standard for asylum will necessarily be unable to meet the standard for withholding of removal." Gomez-Zuluaga v. Att'y Gen., 527 F.3d 330, 348–49 (3d Cir. 2008) (internal quotations and citations omitted). In order to obtain relief under the CAT, "a noncitizen must show that, if removed to the proposed country, they will [more likely than not] be tortured by or with the consent or acquiescence of a public official." Hernandez Garmendia, 28 F.4th at 484 (citing 8 C.F.R. § 1208.16(c)(2), 1208.18(a)(1)).

Ferreira argues that the BIA erred by failing to consider his evidence cumulatively to determine whether the harm he suffered rose to the level of persecution. Ferreira contends that had the BIA done so, considering as a whole his assailant's actions in threatening him, walking by and pointing at his house multiple times, and physically attacking him, the BIA would have concluded that these actions cumulatively subjected

4

him to persecution on the basis of his political beliefs. The BIA's opinion reflects, though, that it considered all of the specified conduct cumulatively. JA 9 (concluding that Petitioner has not shown that the "punch to the face and vague threats, followed by the assailant occasionally pointing at his house as he walked by, cumulatively rose to the level of persecution"). Since the BIA fully considered the cumulative weight of the evidence, and substantial evidence supports the BIA's determination that Ferreira did not suffer past persecution, we will deny Ferreira's petition for review as to this argument. See, e.g., Kibinda v. Att'y Gen., 477 F.3d 113, 117, 119 (3d Cir. 2007) (being detained for five days by the Angolan army and receiving an injury that required a few stitches by prison guards did not constitute past persecution).

The BIA's determination that Ferreira did not have a well-founded fear of future persecution is likewise supported by substantial evidence. The BIA noted that Ferreira continued to live in the same town where the incident occurred for eight months and that he provided no evidence of further harm nor evidence of specific actions which constitute threats of harm. Though Ferreira testified that his assailant is a drug-trafficker who he fears would continue to target him upon return to Brazil, the BIA found his assailant's status as a powerful drug dealer was not established as Ferreira did not provide evidence in support of this belief. Even if his assailant were a drug dealer, the evidence does not compel a conclusion that the fear of future harm from his assailant was well-founded and that such harm would amount to persecution. Sunuwar, 989 F.3d at 247 ("[U]nder the highly deferential substantial-evidence standard[,] [t]he agency's findings of fact are

5

conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." (internal quotations omitted)).

Based on the foregoing, we will deny Ferreira's petition challenging the BIA's conclusion that he was not eligible for asylum.

Because we have concluded that Ferreira "failed to prove eligibility for asylum, we now also conclude, *a fortiori*, that the more stringent standard for withholding of removal has also not been met." Hernandez Garmendia, 28 F.4th at 484 (citing Shardar v. Ashcroft, 382 F.3d 318, 324 (3d Cir. 2004).

Ferreira next contends that the BIA did not engage in the requisite analysis under Myrie v. Att'y Gen., 855 F.3d 509 (3d Cir. 2017), in addressing his CAT claim. We are unpersuaded. Under Myrie, the agency must first determine "whether an applicant has met the burden of establishing that it is more likely than not he would be tortured if removed" by addressing "what is likely to happen to the petitioner if removed" and whether that likely consequence amounts to torture. Id. at 516. Second, the agency determines "whether an applicant has established that public officials will acquiesce" to the torture by making factual findings "as to how public officials will likely act in response to the" feared harm and if that "qualifies as acquiescence." Id. The BIA cited Myrie, and its analysis amounted to a conclusion that Ferreira failed both steps of Myrie. The BIA stated that Ferreira's "past problems in Brazil did not rise to the level of torture," there was a "lack of evidence that anyone has a continuing interest in harming him," and "that the police would likely investigate [Ferreira's] antagonists if he filed a

6

police report against them," which is not acquiescence. JA 10-11. We therefore reject Ferreira's assertion that the BIA did not engage in the required CAT analysis.

Ferreira next challenges the merits of the BIA's determination that he was not eligible for relief under the CAT. Ferreira himself acknowledged that the police would investigate the punching incident if he were to report it, which is substantial evidence supporting the BIA's determination that public officials were not likely to acquiesce to his torture. See Galeas Figueroa v. Att'y Gen., 998 F.3d 77, 93 (3d Cir. 2021) ("[A]s a matter of law, the Honduran government's likely response to future reports of crime – taking a report and commencing an investigation – does not constitute acquiescence.").[4] We will therefore deny Ferreira's petition for review as he has not demonstrated eligibility for relief under the CAT.

III.    CONCLUSION

For the reasons presented above, we will deny the petition for review.

---

[4]    Ferreira also argues that he has established that he is likely to face torture upon return to Brazil as required by Myrie. Because we have determined that Ferreira has failed to establish acquiescence as required by Myrie, we need not address that argument.